SIERRA, DEMANDANTE Y APELADO, *v.* TRANI, DEMANDADO Y
APELANTE.

APELACIÓN procedente de la Corte de Distrito de Ponce en
causa sobre cobro de servicios.

No. 1116.—Resuelto en mayo 8, 1915.

ARRENDAMIENTO DE SERVICIOS—PRECIO CIERTO.—Cuando se hace reclamación por
servicios prestados que no sean profesionales basta que se exprese el precio
cierto y convenido por los servicios, o que tal precio es conocido por la cos-
tumbre y el uso frecuente del lugar, sin que sea necesario alegar el ''valor
razonable'' de dichos servicios para que constituya una causa de acción.

ID.—SERVICIOS PROFESIONALES—ENMIENDA AL ARTÍCULO 1486 DEL CÓDIGO CIVIL.—
La enmienda hecha por la ley de 24 de febrero de 1906 al artículo 1486
del Código Civil no introduce cambio alguno en la ley, excepto en aquella
parte en que trata de servicios profesionales, estando por tanto en vigor
la jurisprudencia hasta ahora establecida sobre la materia.

ID.—PRUEBAS—EXAMEN DE LAS PRUEBAS.—Examinada cuidadosamente toda la
prueba en este caso, tal como consta en los autos, se resolvió: que no sola-
mente no revela la misma ninguna razón satisfactoria por la que deban
modificarse las conclusiones a que llegó la corte sentenciadora, sino que
más bien hace creer que en sustancia se ha hecho justicia.

Los hechos están expresados en la opinión.
Abogado del apelante: *Sr. José Tous Soto.*
Abogado del apelado: *Sr. Francisco Parra.*

EL JUEZ ASOCIADO SR. HUTCHISON, emitió la opinión del
tribunal.

En 4 de abril de 1913, la Corte de Distrito de Ponce dictó
sentencia a favor del demandante apelado por la suma de
$483.80, en el caso arriba expresado, que fué una acción esta-
blecida por éste para obtener el valor de los servicios pres-
tados como mayordomo de una finca de café, habiendo formu-

lado el juez en el mismo día sus amplias y específicas conclusiones de hecho y de derecho.

El apelante insiste en que la corte cometió error al no estimar que la demanda no aducía hechos para constituir una causa de acción, por no alegarse en ella el "importe razonable" de los servicios prestados por el demandante.

La alegación que de tal modo aparece envuelta en la demanda en como sigue:

"Que el precio de los servicios de un primer mayordomo en fincas de café como la que posee el demandado y a la que se refiere la alegación segunda de esta demanda, es según la costumbre y uso frecuente en las jurisdicciones de Yauco, Adjuntas, Guayanilla, Peñuelas y Ponce, que forman una sola zona cafetera, de $40 a $50 mensuales, casa y comida; y reclamando para el demandante el salario mínimo daría el siguiente resultado:

61 meses desde junio 14/07 a julio 14/12 a $40 mensuales_ $2,440.00
13 días desde julio 14/12 a julio 27/13_____ 17.39

$2,457.39

"Que el demandante acepta el cargo de $739.68 que le hace el demandado por efectivo y efectos tomados durante la mayordomía; y agregando a dicha cantidad la de $312.32 que dicho demandante tomó al cesar en su cargo, suma la de $1,052 que restando de los $2,457.39 por sueldos devengados, da el siguiente resultado:

Sueldos devengados según la anterior anotación_____ $2,457.39
Menos efectos y efectivo tomado_____ 1,052.00

Resta_____ $1,405.39

Cuyo saldo debe el demandado al demandante por no haberle pagado ni en todo ni en parte a pesar de las gestiones hechas para ello."

El apelante no sostiene que la precedente alegación respecto al precio de los servicios prestados es insuficiente de acuerdo con la jurisprudencia establecida anteriormente por este tribunal, sino que más bien trata de eludir la regla así establecida fundado en que cierta enmienda legislativa a la que más adelante se hace referencia ha introducido un cambio tan radical en la ley y en la naturaleza de la acción, que

dicha jurisprudencia ya no es aplicable a un caso de esta clase.

Transcribimos del alegato del apelante los razonamientos contenidos en su primera proposición. Son así:

### "1. FALTA DE CAUSA DE ACCIÓN.

"El artículo 1486 del Código Civil según fué modificado por la ley de 24 de febrero de 1906, es como sigue:

" 'Pueden arrendarse los servicios de criados y trabajadores sin tiempo fijo o por cierto tiempo. El arrendamiento hecho por toda la vida es nulo. En cuanto a los servicios profesionales se estará, para la remuneración de los mismos, a lo convenido entre las partes; cuando no hubiere convenio y surgieren diferencias, la parte con derecho a la remuneración podrá reclamar y obtener en juicio de la otra parte, ante cualquier corte de jurisdicción competente, el importe razonable de dichos servicios.'

"Dicho artículo es de entera aplicación al caso, toda vez que, según la alegación cuarta de la demanda, el demandante comenzó el desempeño de su oficio el 14 de junio de 1907, ya vigente dicha ley.

"El error depende de que esta honorable corte con relación a servicios prestados antes de modificarse el artículo 1486, había declarado 'sin que exista un precio pactado o el precio de los servicios sea conocido por la costumbre y uso frecuente en el lugar en que tales servicios se prestaren, falta uno de los elementos integrantes del contrato de arrendamiento de servicios.'

"*Ledesma* v. *Araujo*, 15 D. P. R., 240.

"*Agosto* v. *Woods*, 13 D. P. R., 369.

"*García* v. *Cañada*, 11 D. P. R., 421.

"Pero desde el 24 de febrero de 1906 en que se modificó el artículo 1486 del Código Civil a falta de pacto, el demandante que trate de recobrar el importe de sus servicios, debe alegar cuál es el importe razonable de los mismos. No es ya la costumbre la que regula el valor, sino que la norma reguladora es la razonabilidad del precio reclamado por tales servicios.

"No hay alegación alguna en la demanda que la suma reclamada constituya el valor razonable de los servicios prestados y, por tanto, la demanda es fatalmente defectuosa, aplicando por analogía el criterio de los citados casos en que se declaró necesaria la alegación de pacto o la alegación de la costumbre del lugar. Ahora el criterio de razonabilidad ha venido a substituir el criterio de uso o costumbre."

El artículo del Código que ha sido citado antes de la enmienda alegada era como sigue:

"Puede contratarse esta clase de servicios por tiempo fijo, por cierto tiempo, o para una obra determinada. El arrendamiento hecho por toda la vida es nulo."

Pasando ahora al capítulo donde se define esta clase de servicios que se discuten, bajo el cual se encuentra este artículo, vemos que antes y después de la enmienda está redactada, respectivamente, como sigue:

"Capítulo III.

"del arrendamiento de obras y servicios.

"Sección Primera.—Del servicio de criados y trabajadores asalariados.

"Capítulo III.

"del arrendamiento de obras y servicios.

"Sección Primera.—De los servicios profesionales y de los servicios de criados y trabajadores asalariados."

Que la enmienda alegada no introduce cambio alguno en la ley menos en los casos en que se trata de servicios profesionales, es una cuestión demasiado clara para ser discutida, y no se ha alegado que sea éste dicho caso. Por el contrario, al discutir el peso de la prueba el apelante cita el artículo 1487 del mismo capítulo del código, el cual al hablar de criados domésticos prescribe entre otras cosas "que el amo será creído, salvo prueba en contrario: 1. Sobre el tanto del salario del sirviente doméstico; 2. Sobre el pago de los salarios devengados en el año corriente."

Por consiguiente, no es necesario que consideremos si la alegación a que se ha hecho referencia, a falta de excepción previa u otra objeción que oportunamente se formulara a la misma, sería suficiente en una acción en reclamación de cantidad por servicios profesionales, o en una acción con arreglo a la ley común por el valor de los servicios prestados (*quantum meruit*); o si el dejar de tomar conocimiento la

corte sentenciadora a iniciativa propia y sin indicación alguna por parte del demandado de tal defecto en la alegación, si es que era un defecto, podría considerarse como un error que da lugar a la revocación de la sentencia.

Los demás errores que han sido alegados se refieren todos a la suficiencia de la prueba para basar en ella la sentencia. No tendría objeto alguno que hiciéramos una exposición completa de la prueba y discutiéramos ampliamente las narraciones en conflicto y contradictorias de los testigos de una y otra parte, así como de las contradicciones ordinarias, circunstancias corroborantes y cuestiones que a veces surgen de relatos que son claramente increíbles y que dan lugar a que se sospeche de otras declaraciones hechas por los mismos testigos, que de no ser por esto podrían tener más valor. Examinada cuidadosamente toda la prueba tal como consta de los autos no solamente no revela la misma ninguna razón satisfactoria por la que deban modificarse las conclusiones a que llegó la corte sentenciadora, sino que más bien nos hace creer que en substancia se ha hecho justicia.

Debe confirmarse la sentencia apelada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Aldrey.